NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KURT A. STRODE, | No. 12-73656 |
| Petitioner - Appellant, | Tax Ct. No. 10493-10 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

| | |
|---|---|
| KURT A. STRODE, | No. 12-73657 |
| Petitioner - Appellant, | Tax Ct. No. 27274-08 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeal from a Decision of the
Tax Court

Submitted October 19, 2015[**]

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Kurt A. Strode appeals from a Tax Court decision affirming disallowance by the Internal Revenue Commissioner of business expense deductions related to Strode's operation of "Intcom, Inc.," and the Commissioner's associated imposition of an accuracy-related penalty. We affirm.

"[W]e review the tax court's conclusions of law de novo and its factual findings for clear error." *Xilinx, Inc. v. Comm'r*, 598 F.3d 1191, 1194 (9th Cir. 2010).

1. The Tax Court did not commit clear error in finding that Intcom was not an activity engaged in for profit pursuant to 26 U.S.C. § 183 and in disallowing Strode's 2005 and 2007 business expense deductions. *Wolf v. Comm'r*, 4 F.3d 709, 712-13 (9th Cir. 1993); *see also Keanini v. Comm'r*, 94 T.C. 41, 46 (1990) (stating taxpayer's "actual and honest objective of making a profit" is a fact to be resolved and "more weight is accorded to objective facts than to the taxpayer's mere statement of intent") (citation omitted).

2. Strode's focus on 26 U.S.C. § 183(d) is misplaced. That statute provides for a presumption that an activity is "engaged in for profit" if certain historic measures of profitability have been achieved. Intcom was never profitable, and absence of profits is relevant evidence of whether an activity is "engaged in for

2

profit" as required by § 183(a). 26 U.S.C. § 183(a); Treas. Reg. § 1.183-2(a), (b)(6).

**3.** Strode's attacks on the validity of Treasury Regulation § 1.183-2(a) are unavailing. This court has repeatedly utilized the regulation to determine whether an activity is "engaged in for profit." *See, e.g.*, *Hill v. Comm'r*, 204 F.3d 1214, 1218 (9th Cir. 2000); *Wolf*, 4 F.3d at 713; *Skeen v. Comm'r*, 864 F.2d 93, 94 (9th Cir. 1989); *Polakof v. Comm'r*, 820 F.2d 321, 324 (9th Cir. 1987); *Indep. Elec. Supply*, 781 F.2d 724, 726-29 (9th Cir. 1986); *see also Strode v. Comm'r*, 109 T.C.M. (CCH) 1599, 2015 WL 3897787, at *3 n.7 (2015) (explaining that factors in § 1.183-2(a) are "derived from caselaw" and would be considered "even if the regulation were invalid (which it is not)"). For the reasons explained by the Commissioner, his application of § 1.183-2(a) here does not violate the Administrative Procedure Act, *see Strode*, 109 T.C.M. (CCH) 1599, 2015 WL 3897787, at *3 n.7, nor does the Regulatory Flexibility Act, 5 U.S.C. §§ 601 to 612, apply because § 1.183-2(a) was promulgated before that Act became law.

**4.** Although the 2010 deficiency notice included an incorrect statement regarding the presumption of profitability set forth in 26 U.S.C. § 183(d), "no particular form is required for a valid notice of deficiency." *Scar v. Comm'r*, 814 F.2d 1363, 1367 (9th Cir. 1987) (citation omitted). The Commissioner is entitled to explain the reasoning of a notice of deficiency at trial. *See Abatti v. Comm'r*, 644

F.2d 1385, 1389-90 (9th Cir. 1981). Moreover, the Commissioner is not precluded from arguing new theories at trial; a new theory merely shifts the burden of proof to the Commissioner on that issue. *See id.* at 1390; *see also* Tax Ct. R. 142(a)(1). Because the notice contained a calculation of the deficiency amount, its incorrect description of why the deductions were impermissible does not impact its validity. *See Scar*, 814 F.2d at 1367.

5.    Because Strode never actually made an offer of proof regarding his reliance on his tax preparer, he did not provide "reasonable cause" under 26 U.S.C. § 6664(c)(1) to excuse the accuracy-related penalty for tax year 2007 assessed under 26 U.S.C. § 6662(a). *Catalano v. Comm'r*, 240 F.3d 842, 845 (9th Cir. 2001).

**AFFIRMED.**